UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALEH AL SHAIBAH, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05473 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, | § | |
| Respondent. | § | |

OPINION AND ORDER ON DISMISSAL

Petitioner Saleh Al Shaibah filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 10, 2026. Dkt 1. He proceeds here *pro se*.

Documents attached to the petition show that Petitioner was granted status as a lawful permanent resident in 2005. Dkt 1-1 at 4. In December 2025, he was detained and charged with removability based on a controlled-substances conviction. Id at 4–5. He was found removable in February 2026, and his applications for cancelation of removal, for asylum, and for withholding of removal were denied in April 2026. Id at 5. His appeal of the order of removal is currently pending. Id at 3. He appears to contend in his current petition that his continued detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Dkt 1 at 6–7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328

(5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The petition and its attachments make clear that Petitioner's removal order isn't yet final. Dkt 1-1 at 3. As such, he isn't detained under 8 USC §1231, and the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas v Davis*, 533 US 678 (2001), hasn't yet begun.

The propriety of detention in this matter instead proceeds under §1226(c), which requires detention of persons deportable based on a conviction for violating any federal or state controlled-substances law. §1227(a)(2)(B). Release from detention is permitted only if the Attorney General determines, in the exercise of discretion, that release is necessary for witness protection and that the person doesn't pose a danger to the community and isn't a flight risk. §1226(c)(4).

The Supreme Court holds that persons detained under §1226(c) "are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Jennings v Rodriguez*, 583 US 281, 303 (2018). The statute also "makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" Ibid, quoting 8 USC §1226(a) (emphasis in original). The argument that due process requires an opportunity for release before that time was expressly rejected:

> In *Demore v Kim,* 538 US [510] at 529 [2003], we distinguished §1226(c) from the statutory provision in *Zadvydas* [*v Davis*, 533 US 678 (2001)] by pointing out that detention under §1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite termination point"—

and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under §1226(c).

*Jennings*, 583 US at 304.

Petitioner admitted at his removal hearing that he was convicted of a qualifying controlled-substances offense. His removal proceedings are not yet final. He is detained under §1226(c) at the discretion of the Attorney General. No jurisdiction exists to review that decision. 8 USC §1226(e).

As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

\* \* \*

The petition for writ of *habeas corpus* by Petitioner Saleh Al Shaibah is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any pending motions are DENIED AS MOOT.

A final judgment will enter separately.

SO ORDERED.

Signed on July 22, 2026, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3